# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GAIL M. WILLIAMS, | : | |
| Plaintiff, | : | Case No. 3:05CV0376 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JO ANNE B. BARNHART,[1] Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[2]

## I.  INTRODUCTION

The Equal Access to Justice Act ("EAJA") requires the Government to pay a prevailing Social Security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). The parties in the instant case dispute whether the Government must pay Plaintiff's attorney fees under the EAJA. (Doc. #s 17, 18).

The parties' EAJA dispute arose after the Court's previous Decision, Entry, and

---

[1] The proper-party defendant is Michael J. Astrue, the present Commissioner of the Social Security Administration. For docketing continuity, the caption of this case will remain the same.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Order vacating an Administrative Law Judge's ("ALJ's") non-disability decision and remanding the case to the Social Security Administration for further consideration of Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Insurance. (Doc. #11).

The Commissioner contends, in general, that his position in support of the ALJ's Decision was substantially justified, and consequently, Plaintiff is not entitled to EAJA fees.

## II.  DISCUSSION

### A.  Attorney Fees under the EAJA

"[S]ubstantially (*i.e.*, for the most part) justified...," under the EAJA, denotes a position that is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Stated otherwise, a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Even when the Government's support of an ALJ's Decision lacked merit, its position was substantially justified as long as it rested on a reasonable basis in law and fact. *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554. "Indeed, 'Congress did not ... want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case....'" *Howard*, 376 F.3d at 554 (citations omitted).

The EAJA places the burden on the Government to demonstrate that its position was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[3]

**B.     Analysis**

As will be explained in more detail below, the ALJ erred as a matter of law in this case due to failure to consider the extent and significance of any erosion in the occupational base once Plaintiff turned age 55. (Doc. #11 at 19). This error led the Court to vacate, in part, the ALJ's Decision to the extent he found Plaintiff not under a "disability" once she turned age 55. Although the Court otherwise affirmed the ALJ's Decision, the ALJ's error of law required a remand of this case under Sentence Four of 42 U.S.C. §405(g) for further administrative proceedings and a determination of whether Plaintiff was under "disability" once she turned age 55. (Doc. #11 at 17-22).

The Commissioner contends that his defense of the ALJ's Decision was reasonable, and hence substantially justified, because "Ruling 83-12 simply imposed no duty on the ALJ to articulate consideration of job base erosion once a claimant turns age 55." (Doc. #18 at 5). This contention lacks merit under the circumstances presented in this case, including the vocational expert's testimony.

---

[3] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

As explained in the Court's decision on the merits, Social Security Ruling 83-12 states in pertinent part:

> When an individual exertional RFC[4] does not coincide with the definitions of any one of the ranges of work defined in sections 404.1567 and 416.927 of the regulations, the occupations base may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. <u>The adjudicator will consider the extent of any erosion of the occupational base and ... [assess] its significance</u>.

(Doc. #11 at 19 (quoting Social Sec. Ruling 83-12 at 2)(footnote added)).

The vocational expert opined about the existence of a significant erosion in the occupational base through testimony indicating that only 300 medium jobs exist within the level of the RFC set by the ALJ. This aspect of the vocational expert's testimony triggered Ruling 83-12's mandatory language ("will consider..."), and consequently, this Ruling mandated the ALJ to consider and assess the significance of the erosion to the occupational base described by the vocational expert. *See* Doc. #11 at 17-20. By not doing so, the ALJ erred as a matter of law, an error that was not harmless. *Id*. Although the Commissioner views the vocational expert's testimony differently – as supporting the ALJ's Decision – the Commissioner's view does not account for the erosion in the occupation base described by the vocational expert. The Commissioner has therefore not shown a reasonable basis in law or fact for his support of this error in the ALJ's Decision.

Accordingly, the Commissioner's position in opposition to Plaintiff's Statement of

---

[4] "RFC" refers to a claimant's Residual Functional Capacity or what the individual can or cannot do despite his or her limitations. 20 C.F.R. §416.945; *see Howard v. Commissioner of Social Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

Errors was not substantially justified.

### C.     Amount of Attorney Fees

Plaintiff seeks an award of attorney fees in the total amount of $4,016.38 for 25.20 hours of work in this case.  The Commissioner "does not oppose the reasonableness of the amount of fees Plaintiff requests."  (Doc. #18 at 2 n.1).

Accordingly, Plaintiff is entitled to an award of attorney fees of $4,016.38.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion For Attorney Fees Under EAJA, 28 U.S.C. §2412(d) (Doc. #17) is GRANTED;

2. The Commissioner is directed to pay Plaintiff's attorney fees under the EAJA in the total amount of $4,016.38; and

3. The case remains terminated on the docket of this Court.


December 12, 2007

                                                                       s/ Sharon L. Ovington  
                                                                          Sharon L. Ovington  
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).